IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VAN A. COBB, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:08-cv-00199-JPG-CJP |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) | |
| a wholly owned subsidiary of Illinois Central | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | | |

## C O M P L A I N T

### I. NATURE OF ACTION

**1.**

This is a compensation case brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*. This action arises out of serious injuries that the Plaintiff suffered when he was exposed to a violent jerk during an emergency brake application while he was riding on a caboose on March 20, 2005, while doing his job for the Defendant near Metropolis, Illinois.

### II. PARTIES AND JURISDICTION

**2.**

The Plaintiff, Van A. Cobb, is an individual citizen and resident of Marion, Illinois.

**3.**

The Defendant, Illinois Central Railroad Company, is an Illinois corporation whose principal placed of business is in Chicago, Illinois. The Defendant is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the

1

purpose of carrying freight.

**4.**

The Plaintiff, at all times referred to herein, was an employee of the Defendant and was acting within the line and scope of his employment for the Defendant. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

**5.**

This is an action brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

### III. FACTS

**6.**

On March 20, 2005, Plaintiff Van A. Cobb sustained serious permanent injuries in the course of a shoving movement after picking up 100 empty coal cars from the Cook Coal Terminal near Metropolis, Illinois. The Plaintiff was riding the end platform of the caboose to protect the leading end of the shove movement as the train shoved along the mainline track of the Burlington Northern Santa Fe Railroad. The train went into an emergency brake application while Plaintiff was riding on the end of the caboose during the shove which jerked the Plaintiff violently off of his feet. The Plaintiff was holding on to a grabiron on the caboose to keep from being thrown off the train. His body twisted awkwardly from the force of this sudden, severe and unexpected slack action generated by this emergency brake application. As a result of this violent jerking incident, the Plaintiff sustained severe personal injuries, including permanent damage to his left arm.

## IV. FIRST CAUSE OF ACTION

7.

All of the injuries and damages suffered by the Plaintiff resulted, in whole or in part, from the negligence of the Defendant railroad, its agents, servants or employees while acting within the line and scope of their employment for the Defendant railroad, or by reason of a defect or insufficiency due to the Defendant's negligence in its work practices, safety practices, radios and radio communication practices, train handling and equipment at the time and place of the Plaintiff's injuries and damages.

## V. SECOND CAUSE OF ACTION

8.

All of the injuries and damages to the Plaintiff were caused, in whole or in part, by the negligent failure of the Defendant to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for the Defendant.

## VI. DAMAGES

9.

The Plaintiff avers that as a result of the negligence of the Defendant, he has been caused to suffer the following injuries and damages:

    (a)    Permanent injuries, aggravations and limitations;

    (b)    Past lost wages and benefits;

    (c)    Future lost wages and fringe benefits;

    (d)    Impairment of his earning capacity;

    (e)    Past and future physical pain and mental anguish.

(f) Past and future medical expenses;

**10.**

As damages, the Plaintiff claims of the Defendant an amount to be determined by a fair and enlightened jury.

**VII. <u>JURY DEMAND</u>**

**11.**

The Plaintiff demands a trial by jury.

WHEREFORE, the Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in favor of him and against the Defendant and that the following relief be granted:

(a) That the Plaintiff be awarded damages in an amount to fully and fairly compensate him for his on-the-job injuries;

(b) That the cost of this action be assessed against the Defendant.

(c) That this Court grant such other and further relief as it deems just and proper.

BURGE & BURGE

_____
F. TUCKER BURGE
2001 PARK PLACE #850
BIRMINGHAM, AL   35203
(205)251-9000
(205)323-0512 (FACSIMILE)

**<u>DEFENDANTS' ADDRESS:</u>**

Illinois Central Railroad Company
Registered Agent for Service of Process:
C T Corporation System
208 South Lasalle Street, Suite 814
Chicago, IL 60604-1101

4